FILED
SUPERIOR COURT
OF GUAM

20... 13  PM 4: 03

CLE... COURT

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM** | ) **CRIMINAL CASE NO. CM767-12** |
| | ) |
| | ) **DECISION AND ORDER** |
| **v.** | ) |
| | ) **(Defendant's Motion to Dismiss for** |
| | ) **Insufficient Probable Cause)** |
| **JOSEPH ROJAS CRUZ** | ) |
| **DOB: 02/27/1959** | ) |
| **Defendant.** | ) |
| | ) |

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on January 16, 2013, on Joseph Rojas Cruz's ("Defendant") Motion to Dismiss for Insufficient Probable Cause. Assistant Public Defender Jocelyn M. Roden represented Defendant. Assistant Attorney General Jesse J.N. Nasis represented the People of Guam ("the People"). Following the hearing, the Court took the matter under advisement. Upon review of the evidence, oral and written arguments, and legal authorities presented by both parties, the Court issues its Decision and Order DENYING Defendant's motion.

## BACKGROUND

A Complaint was filed on August 29, 2012, against Defendant charging him with the following: Violation of a Guam Port Authority Regulation (as a Misdemeanor). Complaint (Aug. 29, 2012). An arraignment was scheduled for October 3, 2012, however, Defendant was not present. Consequently, a Bench Warrant was issued on October 3, 2012, with bail fixed at

People v. JOSEPH ROJAS CRUZ (CM767-12)
Decision and Order – Defendant's Motion to Dismiss for Insufficient Probable Cause

Page 1 of 4

$1,000 cash. On October 5, 2012, Defendant appeared in court for a Return of Bench Warrant Hearing, was released on personal recognizance, and ordered to return for arraignment on October 24, 2012. On October 24, 2012, Defendant was arraigned, pled not guilty, requested a trial of six, and waived his right to a speedy trial. Super. Ct. of Guam Minute Entry Log No. 102541 (Oct. 24, 2012).

The instant Motion to Dismiss for Insufficient Probable Cause was filed on October 8, 2012. The People subsequently filed their opposition on October 11, 2012.

## DISCUSSION

Defendant moves the court to dismiss the Complaint herein because it "fail[s] to establish probable cause." Def's. Mot. to Dismiss for Insufficient Probable Cause at 2 (Oct. 8, 2012). Defendant specifically argues that "[n]either the Complaint nor the Declaration alleges what kind of net was used or the location within or around the Marina Channel Defendant [sic] where Defendant was using the net." Id. Defendant further cites to 8 GCA §15.20, asserting that "the complaint and affidavits must show 'that there is probable cause to believe an offense has been committed and that the defendant committed it.'" Id. Defendant also contends that "[t]he fishing regulations specifically allow angling and cast-net fishing." Id. He goes on to argue that "[i]f [he] was angling or cast-net fishing, no crime was committed under the statute." Id.

In their opposition, the People argue that "the court previously determined there was probable cause in the instant matter, as it issued an initial summons based upon the facts alleged in the Complaint and sworn declaration." People's Opp'n Mot. at 2 (Oct. 11, 2012). The People also contend that "the defendant admitted that 'he knew it was wrong to fish in the Marina.'" Id. at 3. The People further contend that "[a]s the defendant correct[ly] pointed out,

People v. JOSEPH ROJAS CRUZ (CM767-12)
Decision and Order – Defendant's Motion to Dismiss for Insufficient Probable Cause

Page 2 of 4

23 GARR § 4152 permits 'angling,' i.e., fishing with a hook and line, and 'cast-net (talaya)' fishing; however, § 4153 specifically prohibits 'net and trap devices of all kinds' within the Marina." *Id.*

The Court recognizes that violations of Port Authority of Guam regulations alleged in the Complaint are spelled out in 12 GCA § 10112. It provides:

> Every person who violates, causes or permits to be violated, or fails or refuses to comply with any rule or regulation adopted pursuant to this Article, is guilty of a misdemeanor.

12 GCA § 10112 (2005).

Next, because the alleged violation occurred at the "Agana Marina," the Court looks to rules and regulations affecting the Agana Boat Basin. The Guam Administrative Rules and Regulations provide that "[t]he rules and regulations for Agana Boat Basin are incorporated herein by reference." See 10 GAR § 5100. The Court notes that the Declaration of probable cause stated that "several Territorial Conservation Officers had observed a male individual set a fishing net inside a prohibited area within the Agana Marina channel." The applicable administrative rule provides:

> Net and trap devices of all kinds shall not be used for fishing in the area within one hundred fifty (150) yards of the shoreline surrounding the Agana Small Boat Basin and the Paseo de Susana Shoreline adjacent to the channel.

23 GAR § 4153.

Based on the plain meaning of "net and trap devices" and the Conservation Officers' observation of Defendant, the Court finds that the Complaint articulated sufficient probable cause to charge the Defendant with the offense alleged in the instant case.

/ / /

/ / /

People v. JOSEPH ROJAS CRUZ (CM767-12)
Decision and Order – Defendant's Motion to Dismiss for Insufficient Probable Cause

Page 3 of 4

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court DENIES Defendant's Motion to Dismiss for Insufficient Probable Cause.

Further Proceedings is scheduled for _5/8/13 @ 10 a.m._

**SO ORDERED** this _16_ day of APRIL, 2013.

_____
HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

I do hereby certify that this above is a full true copy of the original on file in the office of the clerk of the Superior Court of Guam.

APR 16 2013

Jerry T. Guerrero
Deputy Clerk, Superior Court of Guam

People v. JOSEPH ROJAS CRUZ (CM767-12)
Decision and Order – Defendant's Motion to Dismiss for Insufficient Probable Cause

Page 4 of 4